# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLIFTON S. RYLAND | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-15-2247 |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

In response to the above-entitled petition for writ of habeas corpus, respondent asserts that the petition must be dismissed because petitioner failed to exhaust state remedies and his claim is procedurally defaulted. ECF 5. Petitioner was provided an opportunity to file a reply, but filed nothing further. ECF 8. There is no need for a hearing to resolve the matters pending. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition is dismissed without prejudice and a certificate of appealability shall not issue.

The petition concerns Clifton T. Ryland's allegation that his Maryland parole was revoked for a "technical" violation. ECF 1 at p. 8. Ryland states he was told by his Maryland parole agent that "he was no longer [Ryland's] agent" and that his case was closed out. *Id.* He claims that the "Charles Co. Courthouse" ordered him to report to the District of Columbia, where Ryland reported to a parole agent for 90 days. *Id.* He states that he was never advised by the Charles County parole officer that he must report and had not heard anything from them until he was arrested at his parole agent's office in D.C. *Id.*

Respondent states that on November 18, 2014, Ryland filed a petition for judicial review of the Parole Commission's decision to revoke his release in the Circuit Court for Baltimore City. ECF 5 at Ex. 1 (docket entries); Ex. 2 (Petition for Judicial Review); Ex. 3 (Notice of Filing of Petition for Judicial Review). On December 12, 2014, the Parole Commission filed a motion to dismiss the petition as untimely because it had been filed past the thirty-day filing deadline. *Id.* at Ex. 4 and 5. Ryland did not oppose the motion to dismiss and, by order dated January 27, 2015, the petition for judicial review was dismissed as untimely. *Id.* at Ex. 6.

When filing a federal habeas corpus application under 28 U.S.C. §2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. In order for a state prisoner to satisfy the exhaustion requirement, he must have fairly presented both the same legal claims and the same supporting facts to each of the appropriate state courts. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan v. Henry*, 513 U.S. 364, 364-66 (1995) (per curiam); *Satcher v. Pruett*, 126 F.3d 561, 573 (4th Cir 1997); *Gray v. Netherland*, 99 F.3d 158, 161-62 (4th Cir. 1996); *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory*, 27 F.3d at 994.

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982)

(failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

As noted, Ryland failed to properly pursue appellate review of the parole revocation decision issued by the Parole Commission when he did not file a timely appeal and did not oppose the motion to dismiss. No merits review occurred in the state court due to Ryland's

3

failure to file a timely appeal. *See* Md. Rule 7-206(b) ("transcript of testimony and all exhibits and other papers filed in agency proceeding" included in record for judicial review of administrative agency decisions). Because no merits review occurred and Ryland is now barred from obtaining such a review, it is impossible for this court to determine if the state court decided a question of law in an unreasonable manner in reviewing the revocation decision. *See Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998). Any attempt by Ryland now to obtain such a review would result in another dismissal of the state court action as untimely. *See* Md. Code Ann., Corr. Servs., §7-401(f)(1) (appeal of parole revocation decision must be filed within 30 days of the date the written decision is received). The petition must be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Ryland's petition does not meet the standard for issuance of a certificate of appealability.

_____
Date

_____
J. Frederick Motz
United States District Judge

4